IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| HILDA L. SOLIS,<br>Secretary of Labor,<br>United States Department of Labor,<br><br>　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>LOCAL UNION 611, INTERNATONAL<br>BROTHERHOOD OF ELECTRICAL WORKERS,<br><br>　　　　　　　　Defendant. | Civil Action<br><br>No.  CIV 12-841 |

## COMPLAINT

Plaintiff Hilda L. Solis, Secretary of Labor, alleges as follows:

## NATURE OF THE ACTION

1. This action is brought under Title IV of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. §§ 481-84 (the Act), for a judgment declaring that the September 6, 2011 rerun election of union officers conducted by Local Union 611, International Brotherhood of Electrical Workers (Defendant) for the offices of President, Vice President, Recording Secretary, Treasurer, Business Manager/Financial Secretary and Executive Board, 7 positions is void, and directing Defendant to conduct a new election for these offices under Plaintiff's supervision, and for other appropriate relief.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 482(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1345.

1

3. Venue lies in this district pursuant to 29 U.S.C. § 482(b) and 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff Hilda L. Solis is the duly appointed Secretary of Labor, United States Department of Labor.  Plaintiff is authorized to bring this action pursuant to section 402(b) of Title IV of the Act, 29 U.S.C. § 482(b).

5. Defendant is, and at all times relevant to this action has been, an unincorporated association residing within the County of Bernalillo, within the jurisdiction of this district.

## FACTUAL ALLEGATIONS

6. Defendant is, and at all times relevant to this action has been, a Local labor organization engaged in an industry affecting commerce within the meaning of sections 3(i), 3(j) and 401(b) of the Act (29 U.S.C. §§ 402(i), 402(j) and 481(b)).

7. Defendant, purporting to act pursuant to its Bylaws and the International's Constitution and Basic Laws and Policies conducted a rerun election of officers on September 6, 2011, and this election was subject to the provisions of Title IV of the Act (29 U.S.C. §§ 481-484).

8. By letter dated October 5, 2011, the complainant, Mark Trujillo, a member in good standing of the Defendant, protested the September 6, 2011 rerun election.

9. By letter dated February 8, 2012, to Trujillo, the International Brotherhood of Electrical Workers' Vice President denied the protest.

10. Having exhausted the remedies available under Defendant's Bylaws and the International's Constitution and not having received a final decision, the complainant filed a

timely complaint with the Secretary of Labor on February 6, 2012, within the one calendar month required under section 402(a)(2) of the Act, 29 U.S.C. § 482(a)(2).

11.  In a series of letters, the Defendant agreed that the time within which the Plaintiff may bring suit with respect to the Defendant's aforesaid election be extended to August 3, 2012.

12.  Pursuant to section 601 of the Act (29 U.S.C. § 521), and in accordance with section 402(b) of the Act (29 U.S.C. § 482(b)), the Plaintiff investigated the complaint and, as a result of the facts shown by her investigation, found probable cause to believe that: (1) violations of Title IV of the Act (29 U.S.C. §§ 481-484) had occurred in the conduct of the Defendant's September 6, 2011 rerun election; and (2) that such violations had not been remedied at the time of the institution of this action.

## CAUSE OF ACTION

13.  Defendant violated the adequate safeguards provision of section 401(c) of the Act, 29 U.S.C. § 481(c), during the conduct of the aforesaid election in that the winning candidates gained an unfair advantage over certain opposing candidates when a supporter of the successful candidate for business manager/financial secretary used the employer email system to transmit a partisan campaign letter to the employer provided email accounts of 314 members who voted. The matter was brought to the attention of the Defendant, but the Defendant did not take steps to mitigate the advantage one group of candidates had received.  The union did not provide adequate safeguards to ensure a fair election contrary to the requirements of section 401(c).  The successful candidate and his affiliates were afforded an unfair advantage over their opposition.

14.  Defendant violated section 401(g) of the Act, 29 U.S.C. § 481(g), during the conduct of the aforesaid election in that the candidacies of the winning candidates were advanced through

the use of the employer's email system, an employer resource, to transmit a partisan campaign letter to the employer provided email accounts of 314 members who voted.

15.  The violations of sections 401(c) and 401(g) of the Act (29 U.S.C. §§ 481(c) and 481(g)) may have affected the outcome of the Defendant's election for the offices of President, Vice President, Recording Secretary, Treasurer, Business Manager/Financial Secretary and Executive Board, 7 positions.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment:

(a)  declaring the Defendant's election for the offices of President, Vice President, Recording Secretary, Treasurer, Business Manager/Financial Secretary and Executive Board, 7 positions to be void;

(b)  directing the Defendant to conduct a new election for those offices under the supervision of the Plaintiff;

(c)  for the costs of this action; and

(d)  for such other relief as may be appropriate.

> Respectfully submitted,
>
> STUART F. DELERY
> Acting Assistant Attorney General
> KENNETH J. GONZALES
> United States Attorney
>
> */s/ Rumaldo R. Armijo Filed electronically 8/2/12*
> RUMALDO R. ARMIJO
> Assistant U.S. Attorney
> P.O. Box 607
> Albuquerque, New Mexico 87103
> Rumaldo.Armijo@usdoj.gov
> (505) 346-7274

OF COUNSEL:

M. PATRICIA SMITH
Solicitor of Labor

CHRISTOPHER B. WILKINSON
Associate Solicitor

SHARON E. HANLEY
Counsel for Labor-Management Programs

JAMES E. CULP
Regional Solicitor

WILLIE B. WHITE
Senior Attorney

U.S. Department of Labor