IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SETH D. HARRIS, Acting
Secretary of Labor
United States Department of Labor

        Plaintiff,

v.                          No. 1:12-cv-00841-JB-LFG

LOCAL UNION 611, INTERNATIONAL
BROTHERHOOD OF ELECTRICAL WORKERS,

        Defendant.

## STIPULATION OF SETTLEMENT

It is hereby stipulated by the Plaintiff, Seth D. Harris, Acting Secretary of Labor (Secretary) and Defendant, Local 611, International Brotherhood of Electrical Workers (Local 611 or Defendant) by and through their undersigned counsel hereby stipulate and agree to the settlement of this dispute as follows and respectfully request that the court so order:

1. The Secretary brought this action pursuant to Title IV of the Labor-Management Reporting and Disclosure Act of 1959 (as amended), 29 U.S.C. § 401, *et seq.*, (hereinafter referred to as the Act), for the purpose of voiding Defendant's September 6, 2011, rerun election of officers for President, Vice President, Recording Secretary, Treasurer, Business Manager/Financial Secretary and seven Executive Board members, and requesting a new election for these offices under the supervision of the Secretary.

2. A Department of Labor investigation concluded that:

    a. Defendant violated section 401(c) of the Act, 29 U.S.C. 481(c), during the conduct of the aforesaid election in that the winning candidates gained an unfair advantage over

certain opposing candidates when a supporter of the successful candidate for business manager/financial secretary used the employer email system to transmit a partisan campaign letter to the employer-provided email accounts of 314 members who voted. The matter was brought to the attention of the Defendant, but the Defendant did not take steps to mitigate the advantage one group of candidates had received. The Defendant did not provide adequate safeguards to ensure a fair election contrary to the requirements of section 401(c). The successful candidate and his affiliates were afforded an unfair advantage over their opposition.

b. Defendant violated section 401(g) of the Act, 29 U.S.C. 481(g), during the conduct of the aforesaid election in that the candidacies of the winning candidates were advanced through the use of the employer's email system, an employer resource, to transmit a partisan campaign letter to the employer-provided email accounts of 314 members who voted.

3. Defendant disputed the conclusions of the Department of Labor investigation and, by entering into this Stipulation of Settlement, does not admit that it violated the aforementioned provisions of Title IV in its September 6, 2011, rerun election of union officers.

4. The Parties, in settlement of this action, hereby stipulate and agree that the Defendant shall conduct, under the supervision of the Secretary, a new election, including new nominations, for Vice President, Recording Secretary, Treasurer, and Business Manager/Financial Secretary no later than 120 days after entry of the order approving this Stipulation of Settlement.

5. The Parties agree that the supervised election shall be conducted in accordance with Title IV of the Act, 29 U.S.C. §§ 481-484, and, insofar as lawful and practicable, in accordance with the International Brotherhood of Electrical Workers Constitution and the Local 611 Bylaws.

6. All decisions as to the interpretation or application of Title IV of the Act and the International Brotherhood of Electrical Workers Constitution and Local 611Bylaws relating to

the supervised election are to be determined by the Secretary, and his decisions shall be final, unless and until any such decision, on application of the Defendant, is set aside by the Court.

7. The Court shall retain jurisdiction of this action after completion of the supervised election and throughout the certification process. The Secretary shall certify to the Court the names of the persons so elected, and that such election was conducted in accordance with Title IV of the Act, and insofar as lawful and practicable, in accordance with the provisions of the Defendant's Constitution and Bylaws. Upon approval of such certification, the Court shall enter a judgment declaring that such persons have been elected as shown by such certification to serve as the duly elected officers of Local 611.

8. Those elected to office in the supervised election shall be installed as soon as practicable, after the Secretary certifies to the Court the names of these elected persons, and such persons shall serve the remainder of the term in office, not to exceed the term set for such offices, as specified in the Local 611 Bylaws and the International Brotherhood of Electrical Workers Constitution.

9. Each party agrees to bear its own costs, fees, and other expenses incurred by such party in connection with any stage of this proceeding.

10. As a part of the Notice of Nominations and Elections that will be sent out to members regarding the new election, it shall state that the election is being conducted "pursuant to a court order approving a stipulation of settlement."

11. Prior to conducting a new election for the positions as agreed above, the Parties, bona fide candidates, and election officials will meet and discuss what appropriate measures the Union may take to mitigate problems that may arise.

RUMALDO R. ARMIJO
Assistant United States Attorney

_____ Date: 4-3-13

WILLIE B. WHITE
Senior Attorney
U.S. Department of Labor
Of Counsel

_____ Date: 4-3-13
          For

JOHN L. HOLLIS
Counsel for Defendant

_____ Date: 4-3-13

JUSTIN L. LESKY
Counsel for Defendant

_____ Date: 4/3/13